UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ISMAEL ROSADO, JR.,<br><br>Defendant | Criminal No. 25cr10459<br><br>Violations:<br><br>Count One: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Wire Fraud Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461(c)) |

INFORMATION

At all times relevant to this Information:

General Allegations

A.   Relevant Individuals and Entities

1.   Defendant, ISMAEL ROSADO JR. ("ROSADO") was a resident of Worcester, Massachusetts.

2.   From on or about November 25, 2018 through on or about October 20, 2021, ROSADO was a full-time employee of the Transportation Security Administration ("TSA") working as a Transportation Security Officer at Boston Logan International Airport.

B.   CARES Act Unemployment Benefits

3.   The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") created a new temporary federal unemployment insurance program called Pandemic Unemployment Assistance ("PUA").

4.   The Massachusetts Department of Unemployment Assistance ("DUA") located

1

in Boston, Massachusetts, administers and manages the PUA program in the Commonwealth of Massachusetts.

      C.      <u>Scheme to Defraud</u>

      5.      From in or about May 2020 through in or about September 2021, ROSADO devised a scheme to obtain PUA benefits to which he was not entitled by falsely and fraudulently representing to DUA that he was unemployed and not receiving income. In total, ROSADO received $47,526 in PUA benefits to which he was not entitled.

      6.      On or about May 24, 2020, ROSADO submitted a materially false application for PUA benefits falsely claiming that he made $4,987 of income in 2019. Between on or about May 2020 and on or about September 5, 2021, ROSADO also submitted materially false weekly certifications for PUA benefits in which he claimed that he was unemployed and not receiving any income.

      7.      The purpose of the scheme was for ROSADO to enrich himself by fraudulently obtaining PUA benefits.

COUNT ONE
Wire Fraud
(18 U.S.C. § 1343)

The United States Attorney charges:

8. The United States Attorney re-alleges and incorporates by reference paragraphs 1-7 of this Information.

9. On or about the date set forth below, in the District of Massachusetts and elsewhere, the defendant,

ISMAEL ROSADO, JR.,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | September 5, 2021 | Weekly PUA certification submission via wire originating from an IP address in Massachusetts delivered to servers located in Colorado. |

All in violation of Title 18, United States Code, Section 1343.

<u>WIRE FRAUD FORFEITURE ALLEGATION</u><br>
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

10. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343, set forth in Count One, the defendant,

ISMAEL ROSADO, JR.,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset:

   a. $47,526, to be entered in the form of a forfeiture money judgment.

11. If any of the property described in Paragraph 10, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 10 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

LEAH B. FOLEY<br>
United States Attorney

By:   <u>/s/ Brian J. Sullivan</u>
      Brian J. Sullivan
      Assistant United States Attorney

Date:  December 16, 2025